UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALEXANDER CARPIO,<br><br>Petitioner,<br><br>v.<br><br>JAMES HILL,<br><br>Respondent. | Case No.:22CV1037-RBM(BLM)<br><br>**ORDER GRANTING PETITIONER'S REQUEST FOR ENLARGEMENT OF TIME TO OPPOSE RESPONDENT'S MOTION TO DISMISS AND DENYING MOTION TO OBTAIN LODGMENT DOCUMENTS THAT RESPONDENT SUBMITTED TO COURTS**<br><br>**[ECF Nos. 14 & 14-1]** |

Currently before the Court is Petitioner's Motion for Enlargement of Time to File Opposition to Respondent's Motion to Dismiss [ECF No. 14] and Petitioner's Motion to Obtain Lodgment Documents that Respondent Submitted to Courts [ECF No. 14-1].  As further discussed below, the Court **GRANTS** Petitioner's motion for enlargement of time and **DENIES** Petitioner's motion for copies of lodgment documents.

### A. Background

On July 14, 2022, Petitioner filed a Petition for a Writ of Habeas Corpus ("Petition").  ECF No. 1.  On July 19, 2022, the Court issued an Order Requiring Response to Petition (28 U.S.C. § 2254).  ECF No. 4.  The Order required Respondent to file a motion to dismiss or answer to Petitioner's Petition by September 26, 2022, and Petitioner to file an opposition or traverse by October 26, 2022.  Id. at 2-3.

On September 23, 2022, Respondent filed a Motion for Enlargement of Time to File Answer or Motion to Dismiss.  ECF No. 6.  On September 26, 2022, the Court granted Respondent's request and ordered Respondent to file a motion to dismiss or answer to Petitioner's Petition by October 26, 2022, and Petitioner to respond with an opposition or

1 traverse by November 28, 2022.  ECF No. 7.  On October 25, 2022, Respondent filed a Motion

2 to Dismiss Petition for Writ of Habeas Corpus and lodged the state court records.  ECF Nos. 9 &

3 10.  On November 28, 2022, Petitioner filed a motion seeking an extension to file his opposition

4 to Respondent's motion to dismiss.  ECF No. 12.  The Court granted Petitioner's request on

5 December 2, 2022, and ordered Petitioner to file his opposition no later than January 30, 2023.

6 ECF No. 13.

7 **B.  Motion for Enlargement of Time**

8 On January 6, 2023, Petitioner filed a second Motion for Enlargement of Time to File

9 Opposition to Respondent's Motion to Dismiss.  ECF No. 14.  The Petitioner seeks to continue

10 his deadline by sixty days.  Id. at 1.  In support, Petitioner identifies COVID-19 restrictions and

11 limited access to the law library due to quarantine as reasons for additional time.  Id.  at 1-2.

12 Petitioner states that his housing facility was placed on quarantine on December 20, 2022, due

13 to a COVID-19 outbreak, leaving him with limited access to the law library.  Id. at 1.  He further

14 states that at the time of writing his motion, January 2, 2023, his housing facility remained under

15 quarantine.  Id. at 2.  Petitioner represents that he "believes the quarantine will be lifted on or

16 around [January 20, 2023]."  Id. at 2.

17 Good cause appearing, Petitioner's motion is **GRANTED**.  Petitioner may file his

18 opposition to Respondent's motion to dismiss no later than **March 30, 2023**.  All other

19 guidelines and requirements remain in effect. See ECF No. 13.

20 **C.  Request for a Copy of Respondent's Lodgments**

21 Also on January 6, 2023, Petitioner filed a Motion to Obtain Lodgment Documents that

22 Respondent Submitted to Court.  ECF No. 14-1.  Petitioner seeks copies of all sixteen documents,

23 over 700-pages, that Respondent lodged with the motion to dismiss.  Id. at 1-2.

24 On direct appeal, an indigent criminal defendant has an absolute right to trial transcripts,

25 Griffin v. Illinois, 351 U.S. 12 (1956); however, the United States Supreme Court has held that

26 there is no absolute constitutional right to a free copy of the record on collateral review.  United

27 States v. MacCollum, 426 U.S. 317 (1976) (interpreting 28 U.S.C. § 753(f) and applying to §

28 2255 habeas petition); see Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (applying

1    MacCollum, which addressed § 2255 petitions, to cases brought under § 2254); see also Martin

2    v. Hartley, 2008 WL 4723623, at *2 (C.D. Cal. 2008) (noting that the MacCollum reasoning is

3    applicable to petitions brought under § 2254); Dunsmore v. Beard, 2014 WL 7205659, at *5-*6

4    (S.D. Cal. Dec. 17, 2014) (same).  Indeed, "[t]o obtain free copies of trial records, a habeas

5    petitioner must demonstrate that he is entitled to proceed in forma pauperis, and the court must

6    certify that the petition is 'not frivolous' and the transcript is 'needed to decide the issue.'" Torrez

7    v. Diaz, 2020 WL 905631, at *5 (S.D. Cal. Feb. 24, 2020) (quoting MacCollum, 426 U.S. at 320-

8    21); see also Dunsmore, 2014 WL 7205659 at *4 (denying requests for a copy of the lodgment

9    documents because petitioner "has not demonstrated that the petition is not frivolous and that

10   the transcript is required to decide the issue").  Moreover, a petitioner "proceeding in forma

11   pauperis cannot receive free copies of documents from the court without demonstrating a

12   specific showing of need."  Davidson v. Sullivan, 2018 WL 2837472, at *42 (S.D. Cal. June 8,

13   2018) (citations omitted).

14         As a preliminary matter, it is evident that Petitioner possesses, at minimum, copies of

15   Lodgments 9, 10, 11, 12, 15, and 16, as they were included as exhibits to his Petition.  See,

16   e.g., ECF Nos. 1-2, 1-3, 1-5, 1-6, 1-7.  Additionally, Petitioner should also be in possession of

17   Lodgments 13 and 14, which are the state habeas petitions he filed with the California Supreme

18   Court and the California Supreme Court's response that would have been sent to Petitioner.

19   Further, Petitioner should be in possession of Lodgment 7, the Notice of Abandonment and

20   Request for Dismissal of Appeal signed by Petitioner, and Lodgment 8, the California Court of

21   Appeal's dismissal in light of the abandonment, which would have also been sent to Petitioner.

22   Because Petitioner has many of the requested documents, he has not and cannot establish the

23   need to obtain free copies of those documents.

24         Petitioner also has not established the requisite need for the documents.  Petitioner states

25   that he needs a copy of "all files and transcripts" because he does not have audio or computing

26   capability and because he wants "to receive as much documented information as possible to

27   make an appropriate and accurate opposition."  ECF 14-1 at 1.  Petitioner's statements do no

28   establish that he needs all of the requested documents to oppose the pending motion to dismiss,

especially since the motion to dismiss argues that "Petitioner's claims are procedurally defaulted."  ECF No. 9 at 1; <u>see</u> <u>Ansari v. Plummer</u>, 1994 WL 72170, at *2 (N.D. Cal. Feb. 24, 1994) (noting that the petitioner did not need transcripts to "oppose [the] respondent's motion to dismiss on procedural grounds").  Accordingly, the Court **DENIES** Petitioner's request for a copy of all of Respondent's lodgments.

      **IT IS SO ORDERED**.

Dated:  1/12/2023

Hon. Barbara L. Major
United States Magistrate Judge

22CV1037-RBM(BLM)