UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALEXANDER CARPIO,<br><br>                                  Petitioner,<br><br>v.<br><br>JAMES HILL, Warden,<br><br>                                  Respondent. | Case No.:  3:22-cv-1037-JES-BLM<br><br>**ORDER: (1) GRANTING RESPONDENT'S MOTION TO DISMISS AND**<br><br>**(2) DENYING CERTIFICATE OF APPEALABILITY**<br><br>ECF No. 9 |

## I. INTRODUCTION

On July 14, 2022, Petitioner David Alexander Carpio ("Petitioner" or "Carpio"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in San Diego County Superior Court after pleading guilty to three counts of sexual molestation of a minor over fourteen years old and one count of sexual battery. ECF No. 1 at 17. On October 27, 2022, Respondent filed a Motion to Dismiss. ECF No. 9. Despite two extensions of time, Petitioner failed to file an opposition to the motion.

The Court has reviewed the Petition, Respondent's Motion to Dismiss, the relevant documents filed in this case, and the legal arguments presented. For the reasons discussed

below, the Court **GRANTS** Respondent's Motion to Dismiss and **DENIES** a certificate of appealability.

## II. PROCEDURAL BACKGROUND

On June 3, 2019, the District Attorney filed a consolidated amended information, charging Carpio with three counts of sexual penetration by force of a minor fourteen years of age or older (Cal. Penal Code §§ 289(a)(1)(A), 289(a)(1)(C)), two counts of misdemeanor sexual battery (Cal. Penal Code § 243.4(e)(1)), one count of child molestation (Cal. Penal Code § 647.6(a)(1)), three counts of lewd act upon a child (Cal. Penal Code § 288(c)(1)), one count of sexual battery by fraudulent professional purpose (Cal. Penal Code § 243.4(c)), and one count of annoying and molesting a child (Cal. Penal Code § 647.6(a)(2)). ECF No. 10-2 at 194–197.

On August 13, 2019, Carpio pleaded guilty to three counts of sexual penetration by use of force of a child over fourteen years of age (Cal. Penal Code § 289(a)(1)(A)) and one count of sexual battery (Cal. Penal Code § 243.4(a)). ECF No. 10-2 at 115. As part of the plea agreement, Carpio waived his right to appeal his sentence. *Id.* The plea agreement stipulated a sentence of 10 years in prison plus four years of parole and Carpio was advised as such in the change of plea form and at the change of plea hearing. *Id.*; *See also* ECF No. 10-5 at 29. It was later discovered, however, that Carpio had been misadvised by the trial court and defense counsel regarding the length of his mandatory parole term, which was 10 years parole (not four). ECF No. 10-1 at 143. As a result, Carpio moved to withdraw his guilty plea. *Id.* at 141–42.

The trial court held a hearing on Carpio's motion to withdraw his plea on January 9, 2020. ECF No. 10-6 at 144. After hearing testimony from Carpio and his defense counsel at the time of the plea, the trial court denied Carpio's motion. *See Id.* at 144–218. The court found Carpio had not demonstrated his decision to plead guilty had been affected by the length of the mandatory parole term, and he had not shown prejudice. *Id.* at 218. The court then sentenced Carpio to 10 years in prison plus the 10-year mandatory parole term. *Id.* at 229; *See also* ECF No. 10-1 at 169–70.

On February 6, 2020, Carpio filed a notice of appeal and request for certificate of probable cause,[1] arguing he should be permitted to appeal despite his waiving his right to do so as part of the plea agreement. Carpio further argued his guilty plea was based on an erroneous advisement of the mandatory parole term. ECF No. 10-2 at 286–287. The trial court denied the request for a certificate of probable cause on February 20, 2020. ECF No. 10-1 at 173. Caprio appealed that decision on March 4, 2020. But he formally abandoned his appeal on September 28, 2020, before briefing was complete. ECF No. 10-7 at 1–2. The appellate court dismissed the appeal the next day. ECF No. 10-8.

Carpio filed a petition for writ of habeas corpus in the superior court on October 13, 2020, seeking to withdraw his guilty plea. ECF No. 10-9. The superior court denied the petition on procedural grounds, concluding that Carpio could not obtain the requested remedy via habeas corpus but instead should have sought a writ of mandate from the California Court of Appeal or California Supreme Court. ECF No. 10-10 at 3. The court went on to conclude Carpio's claim also failed on the merits. *Id.* at 3–4. Carpio then filed a petition for writ of habeas corpus in the California Court of Appeal, again seeking to withdraw his guilty plea. ECF No. 10-11. On December 31, 2020, the appellate court denied the petition because, as the trial court found, habeas corpus was not the proper remedy. ECF No. 10-12. Carpio subsequently filed a petition for writ of habeas corpus in the California Supreme Court, raising the same issue. ECF No. 10-13. The Supreme Court denied the petition without comment or citation on July 21, 2021. ECF No. 10-14.

On June 29, 2022, Carpio filed another petition for writ of habeas corpus in the California Supreme Court. ECF No. 10-15. In it, he again argued the trial court

---

[1] Under California law, a certificate of probable cause is required to appeal after a guilty plea. Cal. Penal Code § 1237.5 (requiring a defendant show "reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" and obtain a "certificate of probable cause for such appeal" from the trial court).

improperly denied his motion to withdraw his guilty plea. In addition, he claimed there was insufficient evidence to support his conviction, his defense counsel was ineffective, and the prosecutor committed misconduct. *See Id.* On October 9, 2022, the court denied the petition, stating:

> The petition for writ of habeas corpus is denied. See *In re Clark* (1993) 5 Cal. 4th 750, 767–69 [courts will not entertain habeas corpus claims that are successive]. Individual claims are denied, as applicable. (See *People v. Duvall* (1995) 9 Cal. 4th 464, 474 [a petition for writ of habeas corpus must include copies of reasonably available documentary evidence]; *In re Dixon* (1953) 41 Cal.2d 756, 759 [courts will not entertain habeas corpus claims that could have been, but were not, raised on appeal]; *In re Lindley* (1947) 29 Cal.2d 709, 723 [courts will not entertain habeas corpus claims that attack the sufficiency of the evidence]; *In re Miller* (1941) 17 Cal.2d 734, 735 [courts will not entertain habeas corpus claims that are repetitive].)

ECF No. 10-17.

On July 22, 2022, Carpio filed the instant federal petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 in this Court. ECF No. 1. In it, he raises the same four claims raised in his June 29, 2022, petition to the state supreme court, namely: (1) the trial court erred when it denied his motion to withdraw his guilty plea after Carpio was improperly advised as to his parole term, (2) the evidence was insufficient to support his conviction, (3) he received ineffective assistance of trial counsel, and (4) the prosecutor committed misconduct. *See* ECF No. 1 at 26; ECF No. 10-16. Respondent filed a Motion to Dismiss the Petition on October 25, 2022, arguing that all four claims are procedurally defaulted. ECF No. 9. Despite two extensions of time, Carpio failed to file an opposition to Respondent's motion. *See generally*, ECF Nos. 13, 15.

///
///
///
///
///

## III. DISCUSSION

Respondent argues the Petition must be dismissed in its entirety because the claims are procedurally barred from federal review. ECF No. 9-1 at 6–9.

### A. Procedural Default Standard

Under the procedural default doctrine, federal habeas relief is barred if a state court denied claims because a petitioner failed to comply with the state's procedural requirements for presenting them. *Walker v. Martin*, 562 U.S. 307, 315 (2011); *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). The state's grounds for denying the claim must be "independent of the federal question and adequate to support the judgment." *Coleman* 501 U.S. at 729. For a state procedural rule to be "independent," the state law basis for the decision must not be interwoven with federal law. *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001) (citing *Michigan v. Long*, 463 U.S. 1032, 1040–1041 (1983). A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Melendez v. Pliler*, 288 F.3d 1120, 1124 (9th Cir. 2002) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

The Ninth Circuit has held that because procedural default is an affirmative defense, the state must first "adequately [plead] the existence of an independent and adequate state procedural ground." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). Once the defense is placed at issue, the burden shifts to the petitioner, who must then "assert[] specific factual allegations that demonstrate the inadequacy of the state procedure. . . ." *Id*. The "ultimate burden" of proving procedural default, however, belongs to the state. *Id*. If the state meets this burden, federal review of the claim is foreclosed unless the petitioner can overcome the default. *Coleman*, 501 U.S. at 750.

Procedural default may be overcome by establishing either (1) cause for the default, and prejudice, or (2) that failure to consider the defaulted claims will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989). To establish cause for the default, a petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray v.*

*Carrier*, 477 U.S. 478, 488 (1986); *McClesky v. Zant*, 499 U.S. 467, 497 (1991). To establish prejudice, a petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *See Smith v. Baldwin*, 510 F.3d 1127, 1147 (9th Cir. 2007). Finally, to establish a "fundamental miscarriage of justice," a petitioner must show a constitutional error "has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). This requires evidence of a colorable claim the petitioner is factually innocent. *Gandarela v. Johnson*, 286 F.3d 1080, 1085 (9th Cir. 2002).

**B.     Analysis**

The Court begins its analysis by determining which is the last explained state-court judgment on each of the four claims presented in the federal petition. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991). Here, Carpio last raised all four of his federal claims in his second petition for writ of habeas corpus filed in the California Supreme Court on June 29, 2022. *See* ECF No. 10-15. On October 19, 2022, the state Supreme Court denied that petition in its entirety as successive, stating "The petition for writ of habeas corpus is denied. (*See In re Clark* (1993) 5 Cal. 4th 750, 767–769 [courts will not entertain habeas corpus claims that are successive].)" ECF No. 10-17. It went on to provide additional procedural reasons for denying individual claims. *Id.* As such, the California Supreme Court's October 19, 2022, ruling is the last explained state court decision to address Carpio's four claims. *See Ylst*, 510 U.S. at 805.

Next, the Court must determine what, if any, procedural bar was applied by the state court. In the portion of *Clark* cited by the California Supreme Court in its denial of Caprio's second habeas petition, the court stated, "It has long been the rule that absent a change in the applicable law or the facts, the court will not consider repeated applications for habeas corpus presenting claims previously rejected. The court has also refused to

consider newly presented grounds for relief which were known to the petitioner at the time of a prior collateral attack on the judgment." *In re Clark*, 5 Cal. 4th 750, 767–768 (Cal. 1993) (internal citations omitted). The *Clark* court went on to emphasize that a state habeas petitioner must "present all known claims in a single, timely petition for writ of habeas corpus." *Id*. at 767 (accord *In re Morgan*, 50 Cal. 4th 932, 945 (Cal. 2010) ("A corollary of the rule against successive petitions is the rule that all known claims must be brought in a single, timely habeas corpus petition.")). Thus, the state supreme court's citation to *Clark* indicates Carpio's petition was denied pursuant to California's rule against successive and piecemeal habeas petitions.

While the California Supreme Court went on to provide additional bases for dismissal of individual claims, its order makes clear the entire petition was denied under *Clark's* rule against piecemeal litigation and successive habeas writs. *See Trieu v Fox*, 764 Fed. Appx. 624 (9th Cir. 2019) (recognizing a pinpoint citation to *Clark*, 5 Cal. 4th at 767–769 reflects application of the state's procedural bar against successive petitions); *see also Almeida v. Lewis*, No. 1:12-cv-00793-MJS, 2014 WL 2979458, at *12-13 (E.D. Cal. July 1, 2014) (relying on citation to *Clark*, 5 Cal. 4th at 767–769 as successive petition bar); *Briggs v. State*, No. 15-cv-05809-EMC, 2017 WL 1806495, at *5 (N.D. Cal. May 5, 2017) (finding *In re Clark* citation to pages 767–769 is a "rejection of the state habeas petition as successive."); *Knight v. Diaz*, No. 18-cv-2884 AJB-BGS, 2020 WL 475221, at *11 (S.D. Cal. Jan. 29, 2020). A successive petition, by definition, references all claims contained within—whether the second petition contains repeated or new claims. Thus, the court's decision clearly and unambiguously applied the bar against successive petitions to all four claims. "[T]he last state court rendering a judgment in the case [must] 'clearly and expressly' state[] that its judgment rests on a state procedural bar.") *Harris*, 489 U.S. at 263.

The Court now looks to see if the state has adequately pleaded the existence of an independent and adequate bar. First, Respondent has asserted California's rule against successive habeas petitions is independent and adequate. *See* ECF No. 9-1 at 7.

7

3:22-cv-1037-JES-BLM

Moreover, federal law has no role in determining whether a state habeas petition is successive and thus the rule is independent. *See In re Robbins*, 18 Cal. 4th 770, 811 (1998) (clarifying that *Clark's* successive bar is independent of federal law). And while the Ninth Circuit has yet to squarely hold *Clark's* bar against successive petition bar is adequate, it has found its invocation sufficient to satisfy the state's initial burden. *See Trieu*, 764 Fed. Appx. at 624 (affirming district court's conclusion that the federal petition was barred by *Clark's* procedural bar against successive habeas petitions). In addition, numerous district courts in California have concluded the rule is adequate. *See, e.g., Churich v. Hatton*, No. 18-cv-02943-VC, 2020 WL 978625, at *3 (N.D. Cal. Feb. 28, 2020) (concluding petition was barred by *Clark's* successive rule); *Acedo v. Fisher*, 17-cv-2346-GPC-JMA, 2018 WL 4407589, at *5 (S.D. Cal. Sept. 17, 2018), adopted, 2020 WL 4015140 (S.D. Cal. July 16, 2020) (finding state's initial burden to show adequacy of *Clark* bar was satisfied); *Aguirre v. Sherman*, 2016 WL 9752052, at *6 (C.D. Cal. Dec. 1, 2016) (finding the respondent had satisfied his burden to show that the *Clark* rule against successive/abusive petitions is adequate); *Briggs v. State*, No. 15-cv-5809-EMC, 2017 WL 1806495, at *6–7 (N.D. Cal. May 5, 2017) (concluding claims were procedurally defaulted because *Clark's* bar against successive petitions is adequate and independent). Thus, the state has satisfied its "initial burden" to sufficiently plead the independence and adequacy of *Clark's* rule against successive petitions. *See Bennett*, 322 F.3d at 586.

      The burden now shifts to Carpio to "assert[] specific factual allegations that demonstrate the inadequacy of the state procedure." *Id.* He has failed to do so. Carpio did not file an opposition to Respondent's motion, let alone assert any facts to demonstrate that *Clark's* successive petition bar is inadequate or inconsistently applied. Therefore, because Carpio has failed to satisfy his burden, all four claims are procedurally defaulted. *See Trieu*, 764 Fed. Appx. at 624 (holding claims barred by *Clark's* rule against successive and piecemeal litigation were also barred from federal review when the petitioner failed to satisfy his burden under *Bennett*).

      As noted above, this Court may still review Carpio's defaulted claims if he can show (1) cause for the default and prejudice or (2) a miscarriage of justice. *See Schlup*, 513 U.S. at 321. Carprio has done neither. As noted above, Carpio failed to file an opposition to Respondent's motion and has not shown—or even alleged—that a cause external to himself resulted in his defaulted claims. *See Murray*, 477 U.S. at 488. Thus, he cannot establish cause and prejudice. *See Smith*, 510 F.3d at 1147 (noting the court need not address prejudice if a petition fails to show cause). Nor has Petitioner provided evidence he is factually innocent of the charges to which he pleaded guilty and therefore has not shown the refusal to hear his claims would result in a fundamental miscarriage of justice. *See Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008) ("The miscarriage of justice exception is limited to those extraordinary cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt.")

      In sum, all four claims raised in the instant petition are procedurally defaulted. *See Coleman*, 501 U.S. at 729–730; *Bennett*, 322 F.3d at 586. Petitioner has failed to establish cause and prejudice or a miscarriage of justice sufficient to overcome the default. *See Schlup*, 513 U.S. at 327. Therefore, the Petition is dismissed as procedurally barred from federal review.

## IV.   CONCLUSION AND ORDER

      For the reasons discussed above, the Court **GRANTS** Respondent's Motion to Dismiss (ECF No. 9). In addition, because this is a final order, the court is required to "issue or deny a certificate of appealability." Rules Governing § 2254 Cases, Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability will issue when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253; *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005). A "substantial showing" requires a demonstration that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Carpio has not made the "substantial showing" required to establish his claims are

not procedurally barred from federal review. Therefore, the Court **DENIES** a certificate of appealability. The Clerk is directed to close the case.

     **IT IS SO ORDERED.**

Dated:  June 5, 2023

                                           Honorable James E. Simmons, Jr.
                                           Unites States District Judge